IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTOR ROY MILLER,

Plaintiff,

v. CASE NO. 06-3014-SAC

MICHAEL E. WEHMEYER,

Defendants.

MEMORANDUM AND ORDER

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas. Plaintiff moves for appointment of counsel and for leave to proceed in forma pauperis.

Plaintiff was convicted in September, 2005, in Leavenworth County District Court of attempted intentional second degree murder and aggravated kidnaping. He names as defendant Michael Wehmeyer, whom he alleges was a detective for the Sheriff's Department of Leavenworth County. As factual support for his complaint he alleges that after his arrest for the crimes of which he was convicted, defendant Wehmeyer improperly interrogated him and had him sign a waiver of his rights while he was completely incapacitated due to extreme intoxication. He claims he was not even aware until his trial that he had been interrogated or signed a waiver. He also claims Wehmeyer ignored his requests for counsel at another interview 3 days later, and pressured him into writing a "manufactured statement." He alleges his court-appointed attorneys failed to file a motion to suppress his statement. He also claims defendant lied under oath

during the preliminary hearing and trial, but his attorney did not object and did not ask the questions he desired of Wehmeyer.

Plaintiff does not specify what type of relief he seeks, but states it is "to be determined by the courts and counsel if appointed." To the extent he seeks to challenge his convictions, his exclusive remedy in federal court is a petition for writ of habeas corpus under 28 U.S.C. 2254[1]. See Preisner v. Rodriguez, 411 U.S. 475 (1973)(state prisoner's challenge to conviction must be presented through habeas petition). Moreover, habeas corpus relief in federal court may not be granted absent a showing that all available state court remedies have been exhausted. 28 U.S.C. 2254(b)(1). Plaintiff states in his form complaint that he has filed no other lawsuits based upon the facts alleged in his complaint. It follows that plaintiff's allegations meant to challenge his conviction must be dismissed without prejudice.

To the extent plaintiff seeks damages based upon allegations that defendant engaged in unlawful acts which led to his convictions, those claims must also be dismissed, without prejudice. In order for plaintiff to establish this basis for a damages claim, he would necessarily have to demonstrate the invalidity of his convictions. Heck v. Humphrey, 512 U.S. 477, 481-82 (1994). The United States Supreme Court has held that civil rights actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Id.

---

[1] Plaintiff is forewarned that a one-year statute of limitations applies to federal habeas corpus petitions, 28 U.S.C. 2244(d)(1), which may be tolled during the time a properly filed state action raising the same habeas claims is pending.

at 486. The Court further held that "to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has already been reversed on direct appeal, expunged by executive order, declared invalid by a state court authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87. It is clear that Miller's convictions have not been reversed, expunged, or declared invalid since he is currently serving his sentences.

For the foregoing reasons, the court finds that the complaint fails to state a claim and must be dismissed, without prejudice.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Doc. 2) and for appointment of counsel (Doc. 3) are denied as moot.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge